Case No. 19-1111, Antilles Consolidated Education Association Petition v. Federal Labor Relations Authority Mr. Hurley for the petitioner, Ms. Buckner for the respondent May it please the Court, my name is Richard Hearn and I represent the school teachers of the DoD military bases in Puerto Rico. In the Carswell Air Force Base case, the FLRA held that if the panel or an interest arbitrator could resolve an impasse that involves a negotiability dispute by applying existing authority case law, he should do so. And that's exactly what fact finder Matt Frankwitz did in his 2016 report and recommendation. Only if there's case law on all fours, right? It should be substantially, the effect of the proposal should be substantially similar is what the FLRA case law says. And here it seems the nub of the difference that the authority has identified is that there's no precedent dealing with a provision that tells the employees you have to do this hour of work, but you can do it whenever you want. And that has not been upheld as consistent with the manager's prerogative. There's nothing in section one that says anything about when the employee performs that additional hour of work. Didn't the authority interpret it as allowing the employees to do it, to do that work whenever, I'm not getting the exact language, but at a time of their own choosing? Well, but that's, that is not what the fact finder found as fact and the impasse panel found and the administrative law judge found. That they found two things. Number one, that this case really wasn't about when the employees perform an eighth hour of work. It is really about whether the employees can be required to perform a ninth hour of work without compensation. Right. I understand that that hadn't been disputed that way and that the debate hadn't been framed up that way and that the employer in fact proposed this language and did not object to the fact that the employees could do the prep work at a time of their choosing. That wasn't disputed. And it does seem equitably rather unfair that they can come in at the last hour. But what I understand the authority's position to be is that this provision allows the employees to do their prep work at a time of their choosing. And that that just is sort of an open and shut case of interfering with employer prerogative. But the contract doesn't say anything about when the work is to be performed. No. But the authority found, this is at JA 276, that employees may perform their paid hour of preparation for special tasks at a time of their choosing. Okay. But in so writing that, the authority completely ignored the factual record and the factual findings that everybody was talking about two different hours of work. The record is clear that the Department of Defense was talking about still wants the employees to perform this preparation work at home but without compensation. And we also need to remember that there is where you, the issue of where you perform your work is totally negotiable. That's never been in dispute. Okay. The question, the question that the fact finder and the impasse panel and the authority's FLRA, and the FLRA's general counsel and the administrative law judge and Member DeBester all understood was this was not a dispute or case about a situation where DOD wanted the teachers to do their grading, their preparation for class, the lesson plans at school immediately after the end of the school day. Can you, you know, I find this section 1A and 1B very confusing. It's on page 9 of your brief. I wonder if you can walk me through that because unless I understand that, I don't understand this case. Of course. Okay. So the 1A says that you, the school teacher, have to be on the premises for seven and a half hours every work day. Including the half-hour lunch. Well, it doesn't say the half-hour has to be. The lunch, I guess you could have. Includes the 30-minute non-paid lunch break. Yeah, but you don't have to be present for the lunch. No. Well, functionally, I mean, I know the base and functionally have to. Well, they go outside and eat a sandwich on the park bench or something. But anyway, so seven and a half hours, they have to be on the premises. Yes. Right? The next paragraph says we're taking into account one hour preparation and you don't have to be on the premises for that. So is that one hour in addition to the seven and a half hours in 1A? The 1B says when we have fixed your compensation, it is with the realization and the expectation that after the day is over, after the seven and a half hours are over, you're going to be performing, that you do perform an extra hour of preparation work. And the record is clear that what everybody. But not compensated then. That is just fixed into the annual salary. When we sat down. Yeah. OK. So in other words, the hourly rate what they get. Well, they get an annual salary. This takes into account an assumption that they're going to be doing one hour of preparation. Now, you say it's at the end of the day. What is it in 1B that says it can't be in the morning before they go to school? It can be it. It doesn't address that. It all it says. It doesn't address when. It only says we know you're doing an extra hour of work. But then the other thing is it says that the agency reserves the right to require that this eighth hour. But you've just told me that it's not the eighth hour because they're already required to do seven and a half hours. That would make it eight and a half hours. Right. The second to last sentence of 1B is an exception to 1A. It's basically we can keep you on a particular work day, which has been interpreted to be on occasion. We can keep you at school for certain kinds of meetings on occasion, on a particular day. That's been interpreted by an arbitrator is not on a regular and recurring basis. Now, we've got to remember that the crux of this, what makes it all negotiable, is that on any day, on any day whatsoever, DOD can tell the teachers you stay after school an extra hour or two or whatever after that seven and a half hour day. And under 3D, they get paid a little bit more. I guess what throws me for a loop is this phrase that this eighth hour. And I don't know what they're talking about there. Are they talking about the eighth hour of one hour of preparation? Are they talking about the seven and a half hours in A? The eighth hour, it's talking about the additional. It's talking about that the hour that we took into consideration in fixing your annual compensation. Occasionally, we can have you stay at school for an extra hour a day. Displacing on those particular work days the compensated preparation time. Yes. And how does that interact with the following sentence? You mentioned the not more than ten general faculty meetings. And the not more than ten general faculty meetings are a permissible subcategory of the particular work day caveat? Or are they compensated? Yes. On those days, we agreed at the table back in 2011 that they could hold them there ten times for a faculty meeting. Substituting for the prep time without any extra pay. Even though on that day the teacher still has to grade the homework and get ready for class. Correct. And so there's two categories of activities that the employer may direct employees to do. One is up to ten faculty meetings. And the other is on particular work days, training, staff development, and faculty meetings. Correct. And the particular work days has been interpreted to be not on a regular and ongoing basis. That's correct. So on a regular and ongoing basis, if the employer wants to say, look, we're going to do upgrading. We're going to do long-term planning. We need you to do committee service. And we need you to be there for one or two hours after work. The employer also has the prerogative to schedule that. But in keeping with the duty day definition for purposes of the wage, they have to pay extra. Correct. Not time and a half, but one time. And the employees can opt for comp time instead of pay time. Correct. So the question that I have is, taking for a moment the authority's understanding that the precedents do not render this issue negotiable. If there were a savings clause that the parties had bargained for here that made the one hour of prep time at a time of the employee's choosing, subject to the employer's right to require that eighth hour of the duty day, the preparation, be done at a particular time, is it your understanding that that would be legally permissible and that that would resolve any problem that they have? I'm sorry. So imagine that the authority prevails. Yes. And you have to go back to the drawing board. Yes. Would it solve the problem, as you understand it, and I understand you resist their view of the law, so I'm not going to hold you to any concessions because I'm asking you to assume that they went on remand. And would the problem be resolved by simply negotiating that the preparation time that the employees may serve at a time of their choosing is subject to the employer's right to require that their preparation be done at a particular time? In other words, the employer can say, look, you have to do your preparation either before dinner or after breakfast. If the employer says you have to do it at school, at the school building, right before or after the school day, they can do it and they can do it now, they just have to pay more. Because they already are paying for the prep time. They already are paying for it. Right. And putting aside the disputes over how the immediate post-school time, I realize those were the disputes, the immediate post-school time is used and how often it's subject to additional compensation or not. It seems like the authority's claim here is that as a formal matter, and I realize this is not the party's concern, but the authority is saying as a formal matter you cannot give the employees paid time that they get to schedule at their discretion without reserving for the employer control over when that work happens. And all I'm saying is, okay, so could they reserve the control over when that work happens with a savings clause that said employees may do their prep at a time of their choosing, subject to the employer's right to require that that be done at a particular time. And it seems bizarre to you because the employer never has cared. And the employer still doesn't care. Right. So what exercised that responsibility? Well, because then what will result there is exactly what the fact finder, the impasse panel, and the ALJ, and Member DeBooster said is not to happen, is that the teachers will still have to do the additional prep time at home and it will not be factored in. No, no, no, but they would get paid for it. I'm talking about they would get paid for it. We're talking about the eighth hour. Yeah. I'm just saying. If they said go to committee meetings at 3.30 to 4.30 when you would otherwise go home. Right, then they'd have to pay more, right? Under the caveat. Or unless it was within the caveat, which said that it's one of those ten meetings or a particular day. Correct. So all of that. With the language that I think, Judge Palabra, the language you have suggested is exactly what DOD wants. They'll just want to keep them there for those extra committee meetings and not pay them for the time they spend at home. No, no, no. For their preparation work, the employer would say do your preparation work before dinner or do your preparation work at a particular time. And that wouldn't affect how you interpret the obligations and prerogatives with respect to the after school meetings or training or what have you. The terms of this agreement would govern which are paid and which are not paid. But I take it that they're raising a rather formal objection that hasn't really been at issue as a practical matter between the parties. But it nonetheless goes to jurisdiction. Well, my resistance with Judge Palabra is that formalism telling the parties to go back and negotiate this formalism. We're at the end of this contract. It's going to throw out the pay raises that the teachers were supposed to get for the past four years. They're supposed to get for the next year. And with the authority, the authority didn't just want them to renegotiate, told the parties to renegotiate 1B. They said renegotiate all of Section 1 even though the rest of it's legal. And go renegotiate all the wages. And renegotiate the wages retroactively even though the people have already worked the time. You can't retroactively negotiate how much time people spend. It's going to throw out the whole contract. Everybody's going to lose their wages. We're going to be back to square one with the contract reopening next year. If the school teacher under 1A is required to be on the premises for seven and a half hours each work day, right, is there any indication that they're teaching for seven and a half hours? There's no requirement in this that they be teaching for seven and a half hours. During that seven and a half hours, they have to do whatever the employer tells them to do, except that there is a clause later in the contract that says they do get some prep time built into their school, into that seven and a half hours. So they could be, under this, they could be doing this one hour prep time before school in the morning, right? They can be doing it during school when they're not involved in teaching at the school. They can be doing it after they finish their teaching at the school, or they could do it at home at night, right? They can't do it during the seven and a half hour day. They have other assignments in that seven and a half hour day. That's why I asked you. Right. No, they have others. Let me put it another way. Does the evidence show that for the seven and a half hours the teacher is there, that they're teaching all seven and a half hours? There is 45 minutes a day on average where they have an additional preparation period. Right, but they're required, as a matter of their contract, to do an additional hour of preparation, even if they could, you know, under some measure get done during the day what they would need for the next day. It would be their obligation under the contract to do further preparation for an hour every day. And the community superintendent testified, and it's in the fact finder's report, that the teachers spend at least an hour a day at home doing lesson plans, grading tests, preparing for lectures. And sometimes they have three hours, but they only get compensated for the one hour outside of the duty day and the 45 minutes within. Well, they're not really hourly employees. It was just hortatory. Right. That language was just added, hortatory, as a basis. Back in 2011, there was a federal employee pay freeze that didn't apply to these teachers because their salaries were set by statute. But to make it look like they weren't getting a pay freeze, we negotiated additional pay for them, and DOD threw that sentence in there saying, okay, we're going to now compensate. We're going to acknowledge that we're compensating you for the work we acknowledge that you're doing at home. And that's how we get your annual salary. I think the most remarkable thing about this case is that it's here. I mean, it seems like something that should have been resolved between the parties long ago. You've got four decisions now and about to get another one from us. And it's just incredible. We tried, Your Honor. I tried. I was one of the bargainers at the beginning. I tried at every step of the way to get the teachers that contract. May get at the same issue that Judge Pillard was pressing you on, different way of thinking about it, which is the contract says you have to work seven and a half hours. You have to be on the premises seven and a half hours and working seven. And then it says we assume you'll be working an eighth hour. And it says sometimes that can be on the premises for things like faculty meetings. But that's the exception. Right. And generally speaking, employees can do the eighth hour off premises. Isn't it the most reasonable reading of that scheme that the teachers are given discretion with regard to that eighth hour when they are not on the premises for things like faculty meetings, that they have discretion not only with respect to where they work, but also with respect to when they work? They don't have discretion if you read 3D with it. The employer can say we want you to do your lesson plans and everything you're going to advise them at home. We want you to do it in the school building after the seven and a half hour day. If they do that, they have to pay them for it. 3D says additional work hours beyond the eight hours. But it's been interpreted and applied to be additional and beyond the 1A. Right. But no, beyond the 1A plus B. Because it's the eight hours is their work hours. Okay. Because the factual record is clear that the employer still expects them to do this work. I understand, but under this scheme, why would the employer care whether the teacher, when the teacher is spending an hour a day at home grading papers, whether the teacher does that early morning before school or late night after the kids are in bed? DOD does not care. And they still expect them to do it. But doesn't that imply that this contract leaves to the teachers the question not just of where to work, but also when to work? On the eighth hour. No. Why not? Because what DOD wants them to do is they want them to work a ninth hour. That's what everybody understood this. Everybody except the two-member majority of the authority understood that what DOD wanted was a ninth hour. Let's just talk about the text of the agreement. I would suggest. I assume for purposes of my question that I read additional work hours in D to mean additional above and beyond the eight hours in A plus B. My resistance to that reading is that we have a full bargaining history record with this fact finder report from two years from the two contracts fully laying out what the party's intent was and how it's to operate and what the different hours in A was for. Plus, we have an intervening arbitration decision by arbitrary render that puts further understanding on it. And that's in the joint appendix. So I'm. All right. So we have a wealth of a factual bargaining history as a result of this fact finding process. So on your reading, what happens if the school says the employer says we insist you have this eighth hour of preparation. Right. On the days when it is not subject to faculty meetings or whatever. Right. We insist that you do it immediately after your last class. We just we want that homework graded ASAP. So you must do that hour. If you have. Immediately after your. If it's at school, they have to pay more. They have to pay for the extra hour. But it's not an extra hour. I'm talking about the. But they do. But that's what was. But that's what was. But that's what was bargained for. So. I mean. I don't. Any. I don't get that at all. But we're debating what the conditions are on the eighth hour with regard to when and where. And you keep wanting to talk about the ninth hour. That's just. Because that was because. DoD has never. DoD has said clearly and I can quote from their brief that they said that they still expect the teachers to do that prep work at home. They just don't want to pay for it. The it is. It is in. In supplemental appendix page 55, the deed is briefed in support of the gross motion for summary judgment. The we have the agency has decided simply not going to treat the prep time as a compensable task. Instead, quite among quite common among professional employees, they should perform some of their own work outside the compensable work day. They're saying. That is a supplemental appendix page 55. And that's I'm sorry. That's a DoD brief. Yes. Authority. Yes. Maybe we'll give you some rebuttal time. Thank you. If my colleagues are fine with that, we'll hear from the. Thank you. Thank you. Your Honor's may please the court. Sarah Blackett are for the respondents. The Federal Labor Relations Authority. And we respectfully request the court affirmed the May 2019 authority decision that applied well established authority precedent regarding management's right to assign work. And I can find the impasses panels jurisdiction to that authorized by the Federal Labor Relations Management statute. My contract authority under review. The order under review has two distinct holdings. One on enforceability before the impasse panel and one on negotiability. Yes, Your Honor. And and you haven't even tried to defend the second one in this court. The negotiability of Article 19. Your Honor, we have one footnote saying these two issues are separate. Your Honor, the first authority's decision did note that Article 19 was not similar to previously approved language. And so the panel was without authority to order the parties to implement it. And specifically looking at the language in Fort Bragg and overseas education, which has been cited to in this case, the language there is only analogous to the language in this contract that simply set the. And that's where you're on your relatively stronger ground. But the authority went on to say, in addition. Week we can reach negotiability and we choose to reach negotiability and we decide negotiability. Yes, Your Honor. I mean, would have been nice to have the defense of that. Well, Your Honor, the provisions here were not negotiable because they direct when the employer they direct the ability to control when an hour of work that is compensated happens to the employees and not to the agency. I can't say I see that except in the authorities own description. Because if you look at NTU, which is the principal authority on which the authority relies, the provision there expressly said that whether the field work or whether the field employee performs work before or after visiting an alternative workplace shall be at the discretion of the field employee. So actually allocating to the employee of CBA protected choice. Whereas in this case, Section 1B doesn't mention employee discretion over when to perform the eighth hour at all. Leaving open one would think that management has discretion if it ever had any interest in telling the employee when to do its prep, which it has never in this case ever expressed. So it seems like the authority, correct me if I'm wrong, is taking this very formal view, picking up on a problem that neither party actually thought was a problem, which is the idea that employees, after they go home, after parent teacher meetings, after faculty meetings, after continuing education, when they go home and they have an hour of prep for which the contract says they will be paid, the employer has never expressed an interest in whether that be done before dinner, after dinner, late at night, early in the morning before going to work. But the authority, perhaps reasonably, and I guess that's the question for us, has said that infringes on the employer's ability to sign work. Am I right? Yes, Your Honor. The authority relied upon the undisputed characterization in the proceedings that this article reserved the employee's discretion as to when to perform their hour of preparation and planning. And as the argument here today has continued to underscore, it is the petitioner's view that it is only if they pay for a ninth hour of compensation that the school can request that the planning and preparation occur at the beginning or at the end of the school day on the work site. And that's not to assign them to a faculty meeting or anything of that nature. That is simply to have an eighth hour of work be performed continuously, so eight continuous paid hours, and to direct those employees to perform that planning and preparation work at the end of the school day would require additional compensation. And that is what is violative of management's rights, which are clearly established by authority for us. The employer has actually never asked for that, and I don't see that that would actually be in conflict with the contract. If the employer said, actually, we'd really like everyone to do their prep work right after school, we're not going to have any faculty meetings, we're not going to have any continuing education, we're just going to have you do your prep work right after school. There's no record that they don't have the prerogative to do that. Yes, Your Honor, the record actually has indicated and the arguments continue to indicate that if the employer here wanted to do that, they would be required to pay for additional time. That was never the issue that I saw in the record. What I saw in the record was the employer substituting different activities for the paid prep work and saying, we're going to pay you for those different activities rather than the prep work. And then the union says, well, actually, no, we have a prep work hour in the contract, so the thing you want us to do, that extra activity, is a ninth hour rather than an eighth hour. That's the dispute. I don't, I mean, correct me if I'm wrong, if there's somewhere in the record where the employer here said, we want to control when you do the prep work as such. Your Honor, it is correct that that is part of what the agency has been arguing, that they want to have more control over exactly what tasks are assigned, but that is not the authorities holding here. Right, the authority held, but the difficulty is that the employer here lacks the ability to tell the employees when to do their prep work. Yes, that's correct. And I question why that is if neither of the parties here read the agreement that way. Well, it is the case that the parties here, Your Honor, have been considering the agreement to prevent such thing, to prevent the employer agency here from controlling exactly when the prep work would be directed if they are directing only prep work. So the arguments have often focused on what other work the agency can compel the employees to do and if they are required to pay extra for that. However, that is part of why the authority here found it prudent to make the negotiability decision, because there are very broad arguments about the negotiability of this provision. And the authority, therefore, provided an interpretation of the statute applicable to this case and the facts to tell them exactly which portion of this contract was violative of management's rights. So if they went back to the drawing board and everything else about the fact finder's order were in place and they said we're going to agree to all of that and we're also going to add a savings clause to the effect of that the assignment of the eighth hour of the duty day for prep work may be directed, when the prep work takes place, qua prep work, may be assigned by the employer. Would that fix the problem, the negotiability problem that the authority has identified? Your Honor, that very likely would fix the problem. Not the exact language. I won't commit the authority to a definite position, but it sounds like this is a language and savings provision that would remedy the negotiability issue identified by the authority. Now, why isn't that already the case under the existing contract as the parties have understood it? Well, Your Honor, I don't know exactly why each party hasn't chosen to adopt the provisions you've suggested, but I would note... One reading of the record is they think it's already that way. They think it's already there. No, Your Honor. If the employer ever wanted to tell the employees when they would be most alert and most undistracted to do their prep work at home, it could. No, Your Honor. The agency has been asserting throughout the process that they don't have the ability to control this eighth hour of paid work and direct the employees to perform work at a specific time. That's their position, but why is it right? Your Honor, the arguments that have been discussed here today also highlight that the union believes that this contract protects them from having the hour of planning and preparation work to be directed to them to be done at a specific time. They continue to argue that other provisions allow the agency to direct an additional eighth hour of work, but that that actually is being compensated as a ninth hour of work. Put aside the parties' positions. Let's just read the contract. If the contract is silent on this point we've been discussing, which is when the teachers have to do the eighth hour of prep work, if one interpretation makes the contract unlawful and another one makes it lawful, why wouldn't you just adopt the lawful interpretation? The authority needed to decide this case on the undisputed representations that were put before it about what this contract term means and how it's being applied between the parties. As opposed to what the contract actually says. Well, the contract does not say that the employees have unfettered discretion, but that would have been a very obvious violation of management rights. So that's unlikely to be the exact terms that any party would write into the contract. But it has been the practice between these parties and the undisputed assertion throughout the arguments before the authority by the agency that this allows sole discretion to the employees to determine. And the question, I think I have a question that may be beyond the record in this case, but the employer has an interest in managing the work. Yes, Your Honor. And the reason that the immediately post-school hour has been at issue is because the employer has other things other than prep that it wants to require during that period. Yes, Your Honor. Is it correct, this is my understanding of the record, that the employees and their representatives have never said, no, you cannot schedule things because I, as employee, have a prerogative to choose when after the duty day is over I'm going to do my prep. And I'm exerting that prerogative to do my prep in that hour. And therefore I'm unavailable for faculty meetings. They've never taken that position, have they? Your Honor, I do not recall anything like that on the record. Right. And if the employer wanted, under the authority's reading, if the employer wanted to say, you teachers have to do your prep work after dinner, could they do that? Do they actually have that managerial prerogative? According to the party's interpretation and the practice throughout this collective bargaining agreement, no, they don't have that prerogative. I'm saying if their prerogative were, under the statute, were correctly recognized. In other words, I'm trying to get a sense of what the authority is trying to make sure is respected in terms of the employer's prerogative. It should have, in your view, the authority, the power to tell the employees when, between the end of one duty day and the beginning of the next, the prep is done. Yes, Your Honor. And I'm just probing that because it seems odd to me that an employer would actually have a legitimate interest in the timing of that. Let's say it's after midnight. What if I'm not a night owl? Yes, Your Honor, I understand that. And there are other provisions of federal law and of labor relations law that would still require them to bargain over the impacts of a management rights decision. And so the impacts and implementation of a policy about when they want to schedule the planning and preparation work would still be up for debate between the parties. It is they need to reserve that right and that ability to management to direct when the work is going to be done. Are these teachers subject to the federal version of the Fair Labor Standards Act? Your Honor, I'm not sure what the answer to that question is. I would have to get back to the court. You know why I'm asking. The Fair Labor Standards Act has a definition of work week in it. Yes, 40 hours a week, Your Honor. And any time spent more than the 40 hours is compensable a time and a half. Yes, Your Honor. The hourly rate. And I'm wondering whether that – there is a federal provision that duplicates the – and I've forgotten the name of it – that duplicates that statute for the private sector. And I'm wondering whether the prospect of time and a half overtime is what's driving this dispute. Your Honor, it's possible that that's a motivation here. The authority does not have insight into why the parties want the provisions exactly the way they want them. It's more that the authority here looked at what was written. And, in fact, in a way that is very similar to the case in NTEU, there the parties had actually reduced what was kind of standard practice between the employees and the agencies to writing. But that reduction to the contract still violated management's right to assign work. The law applies regardless of whether it's occasionally the practice of an agency to allow certain types of discretion. And even with the changes imposed here, the agency may still choose to lead to the discretion of the teachers from time to time when they perform their planning work. But it is not permissible under the statute and the authority's precedent to inscribe that into a collective bargaining agreement. NTEU seemed different to me for a couple – in a couple of ways. Maybe you can help me see how it's more applicable here. One is that the provision there did affirmatively say that the disputed work, the timing of the disputed work, shall be at the discretion of the field employee. So affirmatively assigned the employee control over the timing, which this contract doesn't do. Yes, but in this case, Your Honor, it's been the undisputed contention of the agency that the practice and the interpretation both parties hold of this contract is that it is the discretion of the employees to determine when to do their planning and preparation work. Well, be that as it may, I think the union disputes that reading of the record, but we can hear from Mr. Hearn on that. The second way that it seems a little bit different from NTEU is the implication of the employee's prerogative to time the sequence of her work in NTEU had pay implications. Basically, if the employee did 15 minutes or more of work at the primary duty station before commuting to an alternate duty station, then the full commute time would be paid. Whereas if they went straight to the alternate duty station, they wouldn't get paid for that. So they're basically putting in the employee's hands a spigot on am I going to do work that gets additional pay or not, which is something that is much more clearly a derogation of an employer's right to assign work than the notion of whether I do my class prep before dinner, after dinner, or before breakfast. Except, Your Honor, that the arguments here today have been that if the employer, the agency here, wanted to assign the eighth hour of paid compensation work to be completed at the end of the work day, and that work, and the only work done during that time was planning and preparation, the union has continued to argue that that would actually require a ninth hour of pay. Where is a site for that on the record? Because I did not glean that. If it's going to be prep work that would be at the end of the duty day, that there would have to be additional compensation for that. Well, Your Honor, I don't have a site that I can immediately give to you for this, but this is what was said by counsel in his argument here today. And this is the crux of the argument about Section 3D in the contract, as well as the other provisions in Section 1A, is that because there are these other things that allow the parties to do this additional compensation for a ninth hour of work during the week, which is actually just an eighth hour of work accomplished at the school site. You can also look to the Joint Appendix for the earlier arbitration between these parties, which I believe is at 57, sorry, 59, and that's the arbitration in 2012 relating to these provisions where they talked about how these additional eighth contiguous hour at the school day were not something that the employer could order as a matter of course, because that would violate the contract. But not specifying that it would be the eighth hour. I mean, the employer here has never asked, I thought you acknowledged this before, has never asked for the eighth hour immediately after the ordinary duty day to be devoted to the ordinary prep work. Yes. Never been on the table and never been refused by the union. Has it? Am I missing? Well, Your Honor, the broader argument that the authority, or sorry, the agency has continued to make is that they should be able to order an eighth hour at school. At prep work? No, just in general. They should be able to do that. And what the authority's decision says is that's too far, but what we do know is that the contention that has been undisputed throughout this process that the employees and not the agency control when the planning and preparation hour is conducted. Is not acceptable under the statute. And the linchpin of your administrative order with regard to both enforceability and negotiability is that proposition. You say the panel observed and the parties don't dispute employees may perform their paid hour at a time of their choosing. Yes, Your Honor. So, and your opponents say this is a very, let's see, this is a very obvious error because you're quoting, you're treating as a panel finding something that was just a position of one of the parties and the response to that is, well, it was undisputed. So to me, this case might come down to the question whether that proposition was or wasn't disputed before the agency. Your Honor, it hasn't been. You haven't given me any great textual reason to think the contract is about when rather than where. So you're essentially relying on a concession by a party before you. Yes, Your Honor. I mean, this is the arguments that were before the authority and what it had to base its ruling on. So, yes, that's correct, Your Honor. It seems puzzling to me that the authority would take this position given the description of the importance in, is it Carswell, of empowering impasse panels and fact finders to help resolve disputes. Your Honor, the ability to resolve disputes is important, but the ability to impose contract language on the party has always been cabined by the negotiability issue. And so from the beginning, that's why the authority addressed in its decision that this was so dissimilar to prior language that it required that or removed the ability of the panel to actually impose it. And then as they further went on to explain to resolve this long-running dispute between the parties, there is a portion of this language that violates management rights and so is non-negotiable. And on a completely separate question about the scope of what was sent to the impasse panel, it's not the authority's position that had the parties intended, for example, had the union in its letter said, you know, we've, none of our disagreement is just these few provisions, but we'd like the whole agreement to go before the impasse panel. There's no reason why that would have been beyond the jurisdiction of the panel, is there? Well, there would have to be facts to demonstrate that the parties were at impasse over those other articles. But let's say they said that, you know, this is an agreement, everything is, relates to everything else. And we can't say we would tie this with a bow, even on the things that, that's why they call it tentative agreement. And therefore, let's bring the whole package. There's nothing that would, the authority is not saying that that would not be permissible, is it? There might be a factual record that would, in your, in what you describe, make that all part of the panel's jurisdiction. Here, obviously, the mention of the 21 articles that they were already in agreement over was completely absent from any of the panel proceedings, save the one sentence in the fact finder's report and the one sentence in the panel's decision. And so that is why there was no jurisdiction over these issues here. Thank you. Thank you. Mr. Herm, we'll give you a couple minutes for follow-up. Sure, thank you. I think I'm more worried about the big picture here. I'm less worried about preserving 1B or having to renegotiate 1B than I am about losing this whole contract, all the effort and time that everybody went into over the years to put this together, to go back and have to renegotiate the salary and everything else when this contract is about to expire. With regard to the tentative agreement issue, I think that that issue is a little bit more simpler than it really needs, than it's really been portrayed. We need to remember that there were two unfair labor practices here, a violation of A5, the duty to bargain in good faith, and A6, failure to implement an FSIP award. Assuming the FSIP did not have jurisdiction to impose the tentative agreements, and we think they do, but even assuming that, you still have the A5 violation, because by the time the panel decision had been issued, everything else had been agreed to, we were at the end of the road, we had completed a contract, and the agency had an obligation to execute and implement the contract. Regardless of whether or not the impasse panel technically had jurisdiction to impose the tentative agreements or not. So, and finally, I think that part of the tension that's been exposed here today about when the employees do this prep work and all, is we need to remember that the FLRA has ruled that 1A is negotiable and enforceable, and that's the language that's been previous in the earlier cases, that you can negotiate a cap on the number of hours you spend negotiating a contract. You can negotiate a cap on the number of hours you spend at school without additional compensation. That is not in dispute, okay? And to say that, well, we can keep you an extra hour, and that's all right, that cannot be reconciled with the negotiability of a cap on the number of hours that a teacher can be required to stay at school without additional pay. And that is, the authority said 1A is negotiable. That was the same language that was in the Laurel Bay case and the Fort Bragg schools case. The analog to the Fair Labor Standards Act contains a definition of work week, doesn't it? Yes. Judge Rehnhoff, I'm glad you asked that. These teachers... It's eight hours, or 40. The Federal Employee Pay Statutes, all those other work week requirements, and the Federal Title V laws concerning Federal Employee Pay do not apply to these teachers, and that's why they have the ability to negotiate pay. They're exempt from all those, and that's why under the Fort Stewart schools case at the Supreme Court, that we are the right to negotiate pay. That explains the definition in B, because if you were under the comparable Fair Labor Standards Act, you would have the right to negotiate pay. Let's say the admission that would require time and a half pay. Yeah, that's not, the time and a half pay is not the issue here. And those civil service pay statutes do not apply to these teachers. And in fact, they don't get time and a half for any nine to eight hours. It's just straight time. I think the clause is if they cash out the comp time at the end of the school year, they make it an hour, one and a quarter their worth. So if they took it at comp time and then turned around and cashed it out? I think that it's in Section 3 somewhere, I think, or it's in the pay articles somewhere. In 3D when it talks about compensatory time, is that vacation or sick leave? No, that's just take a day off during the school year, which is all subject to the employers, you know, the employer. The comp time, the teacher doesn't have the right to take it any time they want. And so comp time is always subject to the principal saying, yeah, we can spare you for the day. So basically it's vacation. Yeah. Thank you.
judges: Pillard, Katsas, Randolph